QIU LIN, Petitioner,

v.

U.S. DEPARTMENT OF JUSTICE, and Attorney General Alberto Gonzales,* Respondent.

No. 04–4671–ag.

United States Court of Appeals, Second Circuit.

July 2, 2007.

Yee Ling Poon, (Robert Duk–Hwan Kim, on brief,), New York, NY, for Petitioner.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

Jamil N. Jaffer, Senior Counsel for National Security Law & Policy, National Security Division, United States Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. RALPH K. WINTER, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Qiu Lin, a native and citizen of the People's Republic of China, seeks review of an August 2, 2004 decision of the Board of Immigration Appeals ("BIA") affirming a June 9, 2003 decision by Immigration Judge ("IJ") Paul A. DeFonzo that denied petitioner's application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *See In Re: Qiu Lin,* No. A 79 086 870 (B.I.A. August 2, 2004), *aff'g In the Matter of: Qiu Lin,* No. A 79 086 870 (Immig. Ct. N.Y. City Jun. 9, 2003). The underlying facts and procedural history are a matter of record and we recount here only those aspects that are pertinent to the disposition of the case.

Petitioner claims on appeal that the IJ's adverse credibility finding was not supported by substantial evidence and that, to the extent any discrepancies or omissions exist, they are not central to his asylum claim, his withholding of removal claim, or his CAT claim. The IJ based his adverse credibility determination on the following inconsistencies: (1) Lin's statement that he had been practicing Falun Gong only two months in China contradicted earlier testimony that he had practiced from May 1999 to October 1999; (2) Lin's statement that he had been sought for arrest by authorities at least six times was contradicted by the notarial certificate of no criminal activity in China as of April 2000; (3) the petitioner's Form I–589 of his asylum application listed only one residence, and did not include the five and a half

months he spent in hiding at his aunt's house; and (4) the petitioner's claim that he has a brother in China was inconsistent with the household registration documentation submitted a part of the application for asylum that states that the brother left China in 1996. Based on these inconsistencies, the IJ concluded the petitioner was not credible.

Where, as here, the BIA summarily affirms the IJ's findings and reasoning, we review the decision of the IJ directly. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). We review the IJ's factual findings, including credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 332–336 (2d Cir.2006); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

The standard of review is highly deferential. "Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhou Yun Zhang v. INS,* 386 F.3d at 74 (internal quotation marks omitted). Although the findings of the IJ do not—when considered in the context of the full record—unambiguously dictate an adverse credibility finding, neither do they strongly suggest, much less compel, a contrary conclusion. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). *See also Zhou Yun Zhang v. INS,* 386 F.3d at 74 ("[O]ur review is meant to ensure that credibility findings are based upon neither a mis-

statement of the facts in the record nor bald speculation or caprice."). In this case, the IJ noted four inconsistencies, and offered the petitioner during the course of the hearing an opportunity to explain or clarify his statements and documentation with respect to each of these.

Petitioner argues that the discrepancies noted in the IJ's decision were not central to his asylum, or to his withholding or CAT claims, and thus do not constitute substantial evidence. This argument is unavailing. Although we require that the IJ's reasons for an adverse credibility finding be based on "specific, cogent reasons" that "bear a legitimate nexus" to the findings, *see Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (internal quotation marks omitted), "an IJ need not consider the centrality *velnon* of each individual discrepancy or omission before using it as the basis for an adverse credibility determination. Rather the IJ may rely upon the 'cumulative impact of such inconsistencies.'" *Liang Chen v. United States Attorney General*, 454 F.3d 103, 106–107 (2d Cir.2006) (quoting *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 160 n. 15 (2d Cir.2006)).

Two of these inconsistencies were substantial. The strongest finding was the discrepancy between Lin's claim that he was stopped by "cadre" for distributing pamphlets and warned to discontinue his practice of Falun Gong, and the notarial certificate issued by the Mawai Notary Public Office, Fuzhou City, Fujian Provence, China, that stated he had "no record of committing offenses against the criminal law during his residence in China." Since the certificate is the only evidence apart from the petitioner's application for asylum introduced with the potential to corroborate Lin's subjective fear of persecution, the fact that it provides no evidence of Lin's claimed encounters with the authorities is relevant to the IJ's finding whether Lin's fear of persecution is credible. To qualify for asylum, a petitioner must prove a "well-founded" fear of prosecution. INA § 208. To demonstrate a well-founded fear, an applicant must show both a subjective fear and "other proof or objective facts that lend support to the applicant's subjective fear." *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 67 (2d Cir.2002). The evidence that Lin did provide—that he had been "'warned and that was it' and he therefore thought 'it was not going to be a big deal'" Pet'r's Br. At 22 (quoting Hearing Tr. at 44)—does not compel a finding of a well-founded fear of persecution. *See Tian–Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir.2004) (observing that conduct constituting persecution "must rise above mere harassment"); *see also, e.g., Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir.2005) ("Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive.") (internal quotation marks and citations omitted). Here the IJ during the hearing clearly raised his concerns about the discrepancy with the petitioner, and properly found that the petitioner at no time during his testimony articulated or reiterated a fear of persecution.

The other substantial inconsistency in the record before the IJ involved the length of time Lin had practiced Falun Gong in China. The discrepancy stems from a question of the health benefits petitioner experienced by practicing Falun Gong and whether he had health problems prior to beginning his practice. In response to a question by the government about whether he was experiencing any health problems when he began practicing Falun Gong, petitioner said, "by the time I only practiced for two months, so I didn't feel anything physically but after I came to

**662**

the United States, I do." Hearing Tr. At 42. As petitioner notes, there was some ambiguity in his answer as to the meaning of "by that time." *Id.* In any event, the statement that he practiced Falun Gong only two months is inconsistent with the rest of the record. We have noted where the inconsistency is "not self-evident, an IJ may not rely on it to support a credibility determination without first bringing the perceived discrepancy to the alien's attention, thereby giving the alien an opportunity to address and perhaps reconcile the seeming inconsistency...." *Ming Shi Xue v. BIA,* 439 F.3d 111, 114–115 (2d Cir. 2006). In this case, the IJ did ask the Petitioner to clarify his answer. Although he did not specifically address the discrepancy of dates, he did seek to understand Lin's answer about his health at the beginning of his practice, which was the source of the confusion about dates. [JA 91.] Petitioner was represented by counsel at his hearing and it is evident from the record that counsel was fluent in both English and the Foo Chow dialect petitioner spoke. [JA 90.] With the aid of counsel, petitioner should have recognized the inconsistency between this statement and his testimony on direct examination that he had practiced for five months before coming to the United States, but when given the opportunity to explain the inconsistencies, he failed to do so. *See Ming Shi Xue,* 439 F.3d at 121. ("[It is] the applicant's responsibility to proffer, with or without prompting, an explanation for what appears on its face to be a clear contradiction.")

These substantial inconsistencies, when combined with the cumulative effect of other inconsistencies in the record, provide substantial evidence for the IJ's adverse finding of credibility.

## CONCLUSION

We have considered all petitioner's claims and find them to be without merit.

Accordingly, the petition for review is hereby **DENIED**.